**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-2102**

DAVID WALSH,

    Plaintiff – Appellant,

  v.

WILLIAM MITCHELL; DONNA MITCHELL; DONNA MITCHELL, d/b/a
Stat Auto Wholesales; JOHN JELICH, d/b/a Threesome Auto
Sales; WILLIAM MITCHELL, d/b/a Xtreme Automotive Group;
DONNA MITCHELL, d/b/a Xtreme Automotive Group; DENNIS
MICHAEL ROGERS; AMY SIMS,

    Defendants – Appellees,

  and

JOHN DOE, d/b/a Threesome Auto Sales,

    Defendant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt. Deborah K. Chasanow, Chief District
Judge. (8:08-cv-01897-DKC)

Submitted: April 28, 2011    Decided: May 4, 2011

Before AGEE, DAVIS, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Howard W. Foster, Matthew Galin, FOSTER PC, Chicago, Illinois,
for Appellant. Marios Monopolis, J. Stephen Simms, SIMMS

SHOWERS, LLP, Baltimore, Maryland; John M.G. Murphy, LAW OFFICES OF JOHN M.G. MURPHY, Baltimore, Maryland, for Appellees. John Jelich, Dennis Michael Rogers, Amy Sims, Appellees pro se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Walsh appeals the district court's order dismissing counts one and two of his complaint for failure to state a claim and dismissing the remaining counts pursuant to 28 U.S.C. § 1367(c)(3) (2006). Walsh filed a complaint in the district court alleging a Racketeer Influenced and Corrupt Organizations Act ("RICO") violation, conspiracy to commit a RICO violation, and related state law claims. The district court granted defendants' motions to dismiss. We affirm

This court reviews de novo the grant of a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim. Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), petition for cert. filed, 79 U.S.L.W. 3480 (U.S. Feb. 8, 2011) (No. 10-1016). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although in most cases, the Federal Rules of Civil Procedure do not require "that a claimant set out in detail the facts upon which he bases his claim . . . [the Rules] still require a showing rather than a blanket assertion of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and quotation marks omitted). The showing made by the plaintiff

3

must be more than a "formulaic recitation of the elements of a cause of action" and more than "naked assertion[s] devoid of further factual enhancement." Iqbal, 129 S. Ct. at 1949 (internal quotation marks omitted). In reviewing the district court's decision to grant the motion to dismiss, this court "must . . . accept the well-pleaded allegations of the complaint as true." Albright v. Oliver, 510 U.S. 266, 268 (1994). This court must also "construe factual allegations in the light most favorable to [Walsh]." Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 (4th Cir. 1999).

After review of the record, we conclude that the district court was correct in finding that Walsh failed to sufficiently allege a pattern of racketeering activity and therefore, his RICO claim failed. Because Walsh failed to state a claim as to the violation of § 1962(c), the district court also correctly found that his claim of conspiracy to violate RICO pursuant to § 1962(d) was meritless.

The district court dismissed the remaining counts in Walsh's complaint pursuant to 28 U.S.C. § 1367(c)(3) (2006). A district court enjoys discretion to decline to exercise supplemental jurisdiction over state law claims after dismissal of all claims brought pursuant to its original jurisdiction. 28 U.S.C. § 1367(c)(3) (2006); see also Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 617 (4th Cir. 2001) (applying abuse of

4

discretion standard to district court's order of remand of state claims). In the interest of avoiding "[n]eedless decisions of state law," the Supreme Court has stated that, when "federal claims are dismissed before trial . . . state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). The district court did not abuse its discretion in declining supplemental jurisdiction over Walsh's remaining state law claims.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED